# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LINDA WILSON,**

      **Plaintiff,**

**v.**                                              **Case No:  6:18-cv-257-Orl-28KRS**

**TRANS UNION, LLC and MARINER FINANCE, LLC,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT MARINER FINANCE, LLC'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION (Doc. No. 18)** |
| **FILED:** | **April 5, 2018** |

**I.   BACKGROUND.**

Plaintiff, Linda Wilson, instituted this action on February 20, 2018, naming Trans Union, LLC ("Trans Union"), and Mariner Finance, LLC ("Mariner LLC"), as Defendants. Doc. No. 1. Her complaint sets forth four counts, all relating to a dispute she filed with Trans Union regarding an entry in her credit file. She alleges in Counts I and II that Mariner LLC negligently or willfully violated the Fair Credit Reporting Act ("FCRA") by failing to conduct a proper investigation of her consumer dispute and failing to direct Trans Union to remove the offending entry from her credit file. Doc. No. 1 ¶¶ 15-26. In counts III and IV, she alleges that Trans Union negligently or

willfully failed to follow procedures to assure the maximum possible accuracy of her credit file and failed to conduct a reasonable reinvestigation following receipt of her consumer dispute. *Id.* ¶¶ 27-40. Trans Union answered the complaint. Doc. No. 21.

On April 5, 2018, Mariner LLC moved to stay these proceedings and compel arbitration of all claims alleged against it. Doc. No. 18. It supported its motion with declarations from Salvatore Scaffidi, a Vice President at Mariner Finance Florida, Inc. (Doc. No. 18-1), and Joe Perdue, a Senior Vice President at Mariner LLC (Doc. No. 18-2). The time for filing a response has passed, and, as of the writing of this Report and Recommendation, no response has been filed. Accordingly, Mariner Finance's motion is ripe for decision.

## II.   RELEVANT FACTS.[1]

Wilson obtained a loan from Sunbelt Credit Corporation of Florida ("Sunbelt") on or around January 15, 2014. Doc. No. 18, at 2; Doc. No. 18-1 ¶ 10; Doc. No. 18-1, at 14-21. As part of that loan transaction, she was required to sign, and did sign, an Alternative Dispute Resolution Agreement ("ADR Agreement"). Doc. No. 18, at 2; Doc. No. 18-1 ¶ 11-12; Doc. No. 18-1, at 22. Wilson's agreement to enter into the ADR Agreement induced Sunbelt to enter into the loan agreement with Wilson and provide her with the loan proceeds. Doc. No. 18-1 ¶ 14; Doc. No. 18-1, at 22 ("In consideration of the foregoing, and as an inducement to Lender to enter into the Loan Agreement with the Borrower . . ."). The ADR Agreement provides:

> (1) All disputes, controversies or claims of any kind and nature between Lender and Borrower arising out of or in connection with the loan agreement or arising out of any prior dealings between Lender and Borrower or arising out of any future dealings between Lender and Borrower shall be submitted to arbitration pursuant to the procedures under the following pre-dispute arbitration agreement.

---

[1] These facts are taken from Mariner Finance's motion and supporting evidence. Because Wilson did not file a response to the motion, I assume them to be true for purposes of this Report and Recommendation.

> (2) Any dispute, controversy or claim arising out of or relating to the Loan Agreement, or the breach thereof, or arising out of any prior dealings between the Lender and Borrower or arising out of any future dealings between Lender and Borrower, shall be settled by arbitration in the State of Florida in accordance with the commercial Arbitration Rules of the American Arbitration   Association . . . .

Doc. No. 18-1, at 22.  It defines "Lender" to mean, without limitation, Sunbelt and Sunbelt's "agents, employees, officers, directors, shareholders, direct and indirect parent, subsidiaries, affiliates, predecessors, and successors."  *Id.*

In July 2014, Sunbelt changed its name and merged with Mariner Finance Florida, Inc. ("Mariner Inc.").  Doc. No. 18-1 ¶ 3; Doc. No. 18-1, at 5-13.  Thus, Sunbelt and Mariner Inc. are the same entity.  Doc. No. 18-1 ¶ 3.  In addition, Mariner Inc. and Mariner LLC are separate but affiliated entities.  *Id.* ¶ 4; Doc. No. 18-1 ¶ 4.

In her complaint, Wilson alleges that Mariner LLC "is inaccurately reporting its trade line with an opened date of January 2014 ('Errant Trade Line') with bankruptcy language on her Trans Union credit file."  Doc. No. 1 ¶ 6.  Wilson alleges that the Errant Trade Line was paid and not included in her Chapter 7 bankruptcy.  *Id.* ¶ 7.  After discovering the Errant Trade Line in her Trans Union credit file, Wilson submitted a letter disputing the Errant Trade Line and asking Trans Union to remove the bankruptcy language from the Errant Trade Line.  *Id.* ¶ 10.  With respect to Mariner LLC, Wilson alleges that, after receiving her customer dispute from Trans Union, Mariner LLC failed to conduct a proper investigation of the dispute and failed to direct Trans Union to remove the bankruptcy language from the Errant Trade Line, thereby violating the FCRA.  *Id.*  ¶¶ 17-18, 23-24.

### III.   LEGAL STANDARD.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"), establishes a "federal policy favoring arbitration" and requires that courts "rigorously enforce agreements to arbitrate."

*Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (citations omitted). Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a party to a lawsuit asks a court to stay the action pending the result of an arbitration, the court must grant the request upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state law contract principles; and (b) the claims before the court fall within the scope of that agreement. *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citations omitted). Doubts concerning the scope of the arbitrable issues are resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

### III. ANALYSIS.

As an initial matter, I note that Wilson did not respond to Mariner LLC's motion. Therefore, I consider the motion to be unopposed.

Mariner LLC asks that the Court compel arbitration and stay the litigation pending the outcome of the arbitration. I address each of these issues separately, below.

    A.    <u>Compelling Arbitration</u>.

Under applicable law, the Court must grant Mariner LLC's motion to compel arbitration if (1) Wilson entered into a written arbitration agreement that is enforceable under ordinary state law contract principles; and (2) the claims before the Court fall with the scope of that agreement.

As to the first issue, Mariner LLC has submitted evidence establishing that Wilson signed the ADR Agreement, which requires arbitration of claims. *See* Doc. No. 18-1, at 22. In the absence of objection from Wilson, it also appears that the ADR Agreement was supported by adequate consideration and is otherwise enforceable under state law contract principles.

Accordingly, I recommend that the Court conclude that Wilson entered into a written arbitration agreement that is enforceable under state law contract principles.

As to the second issue, the ADR Agreement broadly subjects "[a]ny dispute, controversy or claim arising out of or relating to the Loan Agreement" to arbitration. With her FCRA claims, Wilson alleges that Mariner LLC reported inaccurate information about her loan and then failed to reinvestigate and correct that information. In the absence of objection from Wilson, such claims "relate to" the loan agreement because they involve Mariner LLC's reporting of information about the loan agreement. *See Obremski v. Springleaf Fin. Servs.*, No. 8:12-cv-1594-T-33AEP, 2012 WL 3264521, at *3 (M.D. Fla. Aug. 10, 2012) (finding that plaintiff's FCRA claims "arose from" or "related to" a loan agreement because they were all based on allegations pertaining to amounts owed under the agreement, defendant's reporting of the amounts owed under the agreement, or defendant's collection efforts for the amount owed under the agreement). In addition, Mariner LLC has submitted evidence establishing that Sunbelt is the same entity as Mariner Inc. and that Mariner Inc. is an affiliate of Mariner LLC. Thus, in the absence of objection from Wilson, her claims against Mariner LLC qualify as claims against the "Lender" as defined in the ADR Agreement. *See* Doc. No. 18-1, at 22 ("Lender" includes Sunbelt as well as its affiliates and successors). Accordingly, I recommend that the Court conclude that Wilson's FCRA claims against Mariner LLC fall within the scope of the ADR Agreement.

Because both facets of the test for compelling arbitration are met, I recommend that the Court grant Mariner LLC's motion to compel arbitration.

B. <u>Staying the Litigation</u>.

Mariner LLC also asks that the Court stay this litigation. When a motion to compel arbitration is granted, it is appropriate to stay the litigation pending the completion of the arbitration.

*See* 9 U.S.C. § 3 (where the case involves arbitrable claims under a written arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). It is not entirely clear, however, whether Mariner LLC is requesting a stay of the entire litigation (including Wilson's claims against Trans Union) or a stay just of Wilson's claims against Mariner LLC.

"When confronted with litigants advancing both arbitrable and nonarbitrable claims, . . . courts have discretion to stay nonarbitrable claims." *Campbell v. Verizon Wireless, LLC*, No. 14-0517-WS-N, 2015 WL 416484, at *9 (S.D. Ala. Jan. 29, 2015) (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004)). In such a case, courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation. *Id.* In this case, Mariner LLC has not presented any reason why it would not be feasible to proceed with Wilson's nonarbitrable claims against Trans Union, even as her claims against Mariner LLC proceed in arbitration. Therefore, the Court has the discretion to stay the entire case or to stay only Wilson's claims against Mariner LLC and allow her claims against Trans Union to proceed. *Id.* (exercising discretion to deny request for stay of entire lawsuit where claims against only one defendant were arbitrable). In the time permitted to object to this Report and Recommendation, Trans Union may file a document stating its position on the extent of the stay of the litigation.

IV. **RECOMMENDATIONS.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT in part** Mariner LLC's Motion to Stay Proceedings and Compel Arbitration (Doc. No. 18);

2. **DETERMINE** whether to **STAY** only Wilson's claims against Mariner LLC (that is, Counts I and II of her complaint) or the entire litigation;

3. **ORDER** Wilson and Mariner LLC to submit Wilson's claims against Mariner LLC to arbitration in accordance with the ADR Agreement within thirty (30) days of the Court's Order on this Report and Recommendation; and,

4. **ORDER** Mariner LLC to submit a Status Report to the Court every sixty (60) days from the date Wilson's claims are submitted to arbitration until the conclusion of the arbitration proceeding.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 4, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy