# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LINDA WILSON,**

        **Plaintiff,**

**v.**                                                **Case No:  6:18-cv-257-Orl-28KRS**

**TRANS UNION, LLC and MARINER FINANCE, LLC,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT TRANS UNION LLC'S MOTION TO STAY (Doc. No. 25)**
>
> **FILED:**      **June 1, 2018**

Defendant Trans Union LLC ("Trans Union") moves for a stay of this action pending the conclusion of arbitration between Plaintiff Linda Wilson and Defendant Mariner Finance, LLC ("Mariner"). Trans Union represents that Wilson's Fair Credit Report Act claims against Trans Union hinge on whether Mariner's reporting of an account to Trans Union was accurate, and if not, whether any damages were caused by the inaccuracy. On May 24, 2018, the Court granted Mariner's motion to compel arbitration of Wilson's claims against Mariner and stayed the litigation of the claims against Mariner. Doc. No. 23. Trans Union now requests that Wilson's claims against Trans Union also be stayed while the arbitration is pending. Trans Union represents in the motion that Mariner consents to the requested relief, but Wilson's counsel could not confirm

whether Wilson consents or objects to the motion. However, the time for filing a response has passed, and, as of the writing of this Report and Recommendation, no response has been filed. I therefore consider the motion to be unopposed. The motion is ripe for review and has been referred to me.

A district court has discretion to grant a temporary stay based on a "variety of circumstances" pending resolution of a connected or related case in another tribunal or setting. *Ortega Trujillo v. Conover & Co. Commc'ns.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances."). A stay is authorized as a means of controlling the district court's docket and managing cases before the district court. *Ortega Trujillo*, 221 F.3d at 1264 (citing *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket")).

The Supreme Court has noted that "[i]n some cases . . . it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 n. 23 (1983). "Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004). Courts have found it appropriate to stay litigation of nonarbitrable claims when considerations of judicial economy and avoidance of confusion and possible inconsistent results militate in favor of staying the entire action. *American Home Assurance Co. v. Vecco Concrete Const. Co.*, 629 F.2d 961, 964 (4th Cir. 1980).

A prima facie violation of 15 U.S.C. § 1681e(b) requires that Wilson to prove that (1) inaccurate information was included in her credit report, (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of her credit file, and (3) she suffered injury which was caused by the inclusion of the inaccurate entry in a consumer report.  To state a claim for a violation of the FCRA, 15 U.S.C. § 1681i(a), Wilson must plead and prove that: (1) her consumer file contains inaccurate or incomplete information; (2) she notified the consumer reporting agency of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the consumer reporting agency failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) the failure to reinvestigate caused her to suffer damages.  Whether Trans Union's credit reports were accurate depends in large part on the accuracy of the information provided by Mariner.  Therefore, the arbitrator's findings of fact regarding the accuracy of the information possessed by Mariner will be central to Wilson's claims against Trans Union.  Staying this action while the underlying issues are resolved in arbitration will aid judicial economy and prevent the risk of inconsistent results.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendant Trans Union LLC's Motion to Stay (Doc. No. 25).

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 20, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy